**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MANUEL A. SANTANA DEL ROSARIO, <br><br> Plaintiff <br><br> v. <br><br> CHIEF THOMAS J. RANTSCHLER, *et al.*, <br><br> Defendants. | CIVIL ACTION NO. 3:25-CV-01982 <br><br> (MEHALCHICK, J.) |

**ORDER**

Plaintiff Manuel A. Santana del Rosario ("Rosario") initiated this action on October 20, 2025, by filing a complaint. (Doc. 1). On December 8, 2025, Rosario filed the operative amended complaint alleging that the Pennsylvania Court of Common Pleas of Schuylkill County wrongly convicted him on several charges arising from a 2022 altercation in which Rosario allegedly defended himself against a known gang member. (Doc. 13). Before the Court is Rosario's motion for a preliminary injunction and temporary restraining order. (Doc. 16). For the following reasons, the Court **DENIES** Rosario's motion for a preliminary injunction and temporary restraining order (Doc. 16) and **REFERS** this matter to Magistrate Judge Susan E. Schwab for screening and further pre-trial management.

Rosario avers that he is entitled to both a preliminary injunction and a temporary restraining order releasing him from state custody because he was wrongly convicted, was the victim of malicious prosecution, suffered from ineffective assistance of counsel, had his constitutional rights violated, and finally, his further confinement constitutes irreparable harm. (Doc. 16, at 1-2). A preliminary injunction is an extraordinary and drastic remedy, one

that should not be granted unless the movant, by a clear showing, carries the burden of persuasion. *See Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426–27 (3d Cir. 1994). In order to satisfy this exacting standard, the party moving for a preliminary injunction must carry its burden of demonstrating both: 1) likelihood of success on the merits; and 2) the existence of irreparable injury. *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797 (3d Cir.1989). If the movant fails to carry this burden on either of these two elements, the motion should be denied since a party seeking such relief must "demonstrate both a likelihood of success on the merits and the probability of irreparable harm if relief is not granted." *Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir.1989) (emphasis in original) (quoting *Morton v. Beyer*, 822 F.2d 364 (3d Cir.1987)). The Court finds that Rosario fails on both requirements for the same reason: Rosario's challenges to his confinement and conviction must be brought through a petition for writ of habeas corpus rather than in a standard civil complaint. (Doc. 13; Doc. 16, at 1-2).

A federal court has no authority to order the release of an individual convicted of state criminal charges or vacate the individual's conviction based on a false conviction outside of the writ of habeas corpus. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (stating "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus requests for relief turning on circumstances of confinement may be presented in a § 1983 action" (citations omitted)); *see also Wells v. King*, 340 F. App'x 57, 58 (3d Cir. 2009) (nonprecedential) (stating '[w]e are similarly unaware of any power that a federal court has to overturn a state criminal conviction obtained by fraud, outside of power authorized by statute; *i.e.* through a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254"); *see also El v. New Jersey, Camden Cnty.*, No. CV2203817, 2023 WL 4268410, at *3 (D.N.J. June

29, 2023) (stating "Plaintiff's attempt to seek relief from incarceration by the filing of a motion for preliminary injunction must be denied because the exclusive federal remedy for an inmate challenging the fact or length/duration of his confinement is a petition for a writ of habeas corpus"). Rosario thus fails to show likelihood of success on the merits because his challenges to his conviction cannot succeed in a standard civil rights action.[1] *See Wells*, 340 F. App'x at 58; *see also El*, 2023 WL 4268410, at *3. Relatedly, Rosario cannot meet the irreparable harm requirement because in order to satisfy the requirement, a movant is required to show that preliminary injunctive relief is the "the *only* way of protecting the plaintiff from harm." *Checker Cab of Philadelphia Inc. v. Uber Techs., Inc.*, 643 F. App'x 229, 232 (3d Cir. 2016) (emphasis in original) (quoting *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992)). Not only can Rosario protect his rights to be free of frivolous incarceration in a habeas petition, outside of the instant motion, but a habeas petition is Rosario's *only* means of obtaining the relief sought. *See Wells*, 340 F. App'x at 58; *see also El*, 2023 WL 4268410, at *3.

For the foregoing reasons, the Court **DENIES** Rosario's motion for a preliminary

---

[1] Even if the Court liberally construes Rosario's complaint to be a petition for writ of habeas corpus, he is still unlikely to succeed on the merits because a habeas petitioner must exhaust state court remedies before obtaining habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). For Pennsylvania state convictions, habeas petitioners generally challenge their convictions through a Pennsylvania Post Conviction Relief Act ("PCRA") petition and federal courts review the "last reasoned decision" from Pennsylvania state courts regarding the petitioner's PCRA petition. *Simmons v. Beard*, 590 F.3d 223, 231-32 (3d Cir. 2009). Courts must then carefully review the state court PCRA decision and determine whether the decision was 1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or 2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see Matteo v. Superintendent*, 171 F.3d 877, 888 (3d Cir. 1999). Rosario includes what appears to be a PCRA petition with the operative amended complaint and alleges that he filed a PCRA petition and a Pennsylvania court held a hearing. (Doc. 13, at 4, 17-23). It is unclear, however, whether the PCRA action is still pending or what specific errors the highest court to review Rosario's PCRA action may have made. (Doc. 13).

injunction and temporary restraining order (Doc. 16) and **REFERS** this matter to Judge Schwab for screening and further pre-trial management.

**BY THE COURT:**

**Dated: April 23, 2026**                    *s/ Karoline Mehalchick*
                                             **KAROLINE MEHALCHICK**
                                             **United States District Judge**